IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, for Itself as Lead Insurer and For all Concurrent Insurers under Policy No. A2GA00082617AM, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:19-cv-01443-E |
| KING AEROSPACE COMMERCIAL CORPORATION, INC. and MAG DS CORP. d/b/a MAG AEROSPACE, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motion to Sever King Aerospace Commercial Corporation, Inc's Engine Repair Costs Counterclaim filed by plaintiff Allianz Global Risks US Insurance Company (Allianz) (Doc. No. 35), the response thereto filed by defendant King Aerospace Commercial Corporation, Inc. (King) (Doc. No. 37), and Allianz's reply in support of its motion (Doc. No. 40). Having reviewed the parties' submissions and the applicable law, the Court finds the motion to sever should be **DENIED**.

### BACKGROUND

Allianz, as lead insurer, issued Aviation Commercial General Liability Insurance Policy No. A2GA000832617AM (policy) to King, an aviation maintenance provider, for a policy period of November 9, 2017 through November 9, 2018.

In April 2018, King entered into an aircraft modification agreement with MAG DS Corp. d/b/a MAG Aerospace (MAG) to perform certain work on a MAG aircraft, which was subject to

1

a lease requiring MAG to obtain a FAA-issued standard certificate of airworthiness. MAG also engaged Aircraft Inspection & Management, LLC (AIM) to perform work on one of the aircraft's engines at AIM's facility in Arizona. MAG instructed King, and King agreed, to remove the engine from the aircraft and secure it in a cradle for transport to Arizona. In May 2018, while in transit, the engine fell from the cradle and was damaged.

King made two payments – the first in June 2018 and the second in August 2018 – to AIM for inspection and repairs to the engine. In October 2018, King requested from Allianz "any available remedy" under the policy for payment of the costs (engine repair costs claim). Allianz denied coverage for the claim because (1) King was not "legally obligated to pay damages" as required under the policy and (2) King voluntarily assumed the engine repair costs and failed to provide notice of the incident, both in violation of policy conditions.

In March 2019, MAG commenced litigation against King, asserting claims for breach of contract, negligence, gross negligence, fraudulent inducement, and negligent misrepresentation (the underlying action). Although MAG's amended complaint acknowledges that King paid AIM for engine repairs, MAG asserts King did not remove the engine gearbox timely, causing unnecessary delay and additional costs that King did not pay. The amended complaint also alleges other deficiencies by King related to upgrading the aircraft's software and installing a Fans-1/A+ Aircraft Data Link System. MAG alleges King's conduct caused the lessee to terminate MAG's aircraft lease and MAG incurred additional expense and suffered damage to its business reputation. King subsequently obtained leave to file a third-party complaint in the underlying action seeking contribution from MTS Ground Support Equipment Inc., which provided the transportation stand that was being used when the engine fell and was damaged.

King submitted the underlying action to Allianz for defense and indemnification under the policy. Allianz initially denied coverage, but, in April 2019, agreed to provide a defense of the underlying action under a reservation of rights.

In June 2019, Allianz filed this declaratory judgment action. Allianz seeks a declaration that it has no obligation to defend or indemnify King and may discontinue and withdraw its defense in the underlying action. King filed an answer and counterclaim. In the counterclaim, King seeks a declaratory judgment that Allianz is required to indemnify King with respect to the engine repair costs claim as well as defend and indemnify King with respect to the underlying action. King also alleges breach of the policy and violations of the Texas Insurance Code.

Allianz moves to sever King's counterclaim as it relates to the engine repair costs claim because that claim was made before the underlying action and involves different policy provisions. Allianz further contends severance will avoid prejudice caused by unreasonably delaying resolution of the claim under King's proposed plan to bifurcate discovery in this case.

## LEGAL STANDARD

A district court has broad discretion to sever a claim into a separate case and considers the following factors in exercising that discretion:

> whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Paragon Office Servs., LLC v. United Healthcare Ins. Co., Inc.*, No. 3:11-cv-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012); *see* FED. R. CIV. P. 21; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). As movant, Allianz bears the burden in seeking severance. *See Paragon*, 2012 WL 442368, at *1.

ANALYSIS

For the first factor, courts consider whether the claims "arise out of a series of transactions that are similar and logically related." *See Paragon*, 2012 WL 4442368, at *2, n.3 (citing *Tex. Instruments Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 148 (N.D. Tex. 2010)). The claims in this case, both those related to defense and indemnity for the underlying action and those related to indemnity for King's engine repair costs claim, involve the rights and obligations of King and Allianz under the policy arising out of King's performance under the aircraft modification agreement with MAG. Because all of the claims arise out of the same transaction or occurrence, the first factor weighs against severance.

With respect to whether the claims present common questions of fact or law, Allianz points out the legal and factual issues raised by the engine repair costs claim are distinct from those presented in the declaratory judgment claim related to the underlying action. Specifically, the engine repair costs claim involves King's legal obligation to pay the costs when it did and its notice of the occurrence to Allianz, but the issues related to Allianz's duty to defend and indemnify King for the underlying action involve whether the damages alleged by MAG constitute "property damage" and/or were caused by an "occurrence" as defined by the policy and if any policy exclusions apply. It is true the engine repair costs counterclaim will involve evidence of additional conduct on the part of King vis-à-vis Allianz and analysis of different policy provisions. Although this may make the case more complicated, the issues generally involve the same parties and policy and the underlying facts will substantially overlap. The Court concludes the second factor is, at most, neutral as to severance.

The Court next must evaluate whether severance would facilitate settlement or judicial economy. *Paragon Office Servs.*, 2012 WL 442368, at *2. Allianz does not assert, nor does the

Court see, that severance will facilitate settlement. Citing King's proposal to conduct phased discovery and Local Rule 56.2(b)'s limitation on the number of summary judgment motions a party may file, Allianz contends keeping the claims together in the same action would delay discovery and resolution of the engine repair costs counterclaim until the underlying action is over. The Court, however, is not inclined to bifurcate discovery and sees no reason to delay resolution of the engine repair costs counterclaim. Nor will the Court preclude Allianz from filing more than one motion for partial summary judgment. *See* Local Rule 56.2(b). Because severance is not necessary to promptly resolve the engine repair costs counterclaim, the third factor does not weigh in favor of severance.

The fourth factor—whether prejudice would be avoided if a severance were granted—also weighs against severance in this case. Allianz complains it will be prejudiced by delaying resolution of the engine repair costs counterclaim because, in addition to the amount of the claim, King seeks interest at the rate of eighteen percent per annum for its claim alleging Allianz engaged in conduct that violated Chapter 542 of the Texas Insurance Code. However, as discussed above, the Court will not delay discovery and resolution of the engine repair costs counterclaim. The Court also is confident that, as the case progresses, it can take appropriate steps to prevent prejudice to either party. For example, the Court can enter a protective order or order a separate trial of certain claims if it becomes necessary.[1] *See, e.g.*, FED. R. CIV. P. 42(b).

For the fifth, and last, factor, the Court considers whether the separate claims require different witnesses and documentary proof. *Paragon*, 2012 WL 4442368, at *3. Allianz

---

[1] Both parties point out that, generally, the duty to indemnify with respect to a litigated claim will not be justiciable until a judgment is rendered in the underlying liability action. *See Farmers Tex. County Mutual Ins. v. Griffin*, 955 S.W.2d 81, 83 (Tex. 1997). Accordingly, there may be a need for additional discovery and a later, separate trial on Allianz's duty to indemnify King for any judgment or settlement in the underlying action.

acknowledges that discovery and trial of the engine repair costs counterclaim may not include different or additional witnesses, but there will be different documentary proof. Indeed, the parties will want to propound discovery related to the notice, information, and documents King provided to Allianz related to the engine repair costs claim that may not be relevant to a defense and indemnity for the underlying action. However, because the witnesses and other documentary evidence required to resolve the claims are likely to substantially overlap, this factor weighs in favor of severance only minimally.

After weighing the five relevant factors, the Court is not persuaded to exercise its discretion to sever the engine repair costs counterclaim in this case. Accordingly, the Court **DENIES** the motion to sever King's counterclaim for declaratory judgment, breach of contract, and violation of the Texas Insurance Code with respect to the engine repair costs claim.

**SO ORDERED**; signed February 11, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE